UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Mai Yang, | Civ. No. 07-4780 (JMR/JJK) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Michael B Mukasey, *Sued as Michael Mukasey, Attorney General*, Denise Frazier, *District Director of USCIS, Bloomington, Minnesota*, Scott Baniecke,*Field Office Director, Bloomington, Minnesota, Immigration and Customs Enforcement*, | |
| Respondents. | |

Thomas R. Anderson, III, Robichaud & Anderson, PA, 211 Washington Ave N, Minneapolis, MN 55401, for Petitioner.

Gregory G. Brooker, United States Attorney's Office, 300 S 4th St, Ste 600, Minneapolis, MN 55415, for Respondents.

JEFFREY J. KEYES, United States Magistrate Judge

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.) The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be summarily dismissed with prejudice.

1

**I. BACKGROUND**

On July 1, 2008, this Court issued an order to show cause why this Petition should not be dismissed because of a lack of subject matter jurisdiction. (Doc. No. 14.) Petitioner failed to file a written return within thirty (30) days of the order to show cause. The Petition should now be dismissed with prejudice.

Petitioner is a native and citizen of Laos who entered the United States on or about March 19, 2002, with a fiancé visa. After her arrival in the United States, Petitioner married Boon Mee (Mee), a United States citizen, in a civil ceremony on May 22, 2002. (Doc. No. 10, Oral Decision of the Immigration Judge ("IJ Decision") at 3.) Petitioner filed an application (I-485) for permanent residence based on her marriage to Mee. (Doc. No. 10, Letter from Denise M. Frazier to Bounmee Moua (July 21, 2005) ("Frazier Letter") at 1.) Following interviews of Petitioner and Mee on October 30, 2003, by the immigration authorities, Petitioner was arrested and placed in removal proceedings. She was charged with having been inadmissible at the time of entry into the United States based on fraud and misrepresentation. Petitioner was released pending her removal hearing. (*Id.*)

Mee subsequently filed an I-130 application to classify Petitioner as an immediate relative claiming that he and Petitioner had begun living together and had consummated a marriage. (*Id.*) On July 21, 2005, after further interviews

were conducted, USCIS filed its notice of intent to deny Mee's I-130 application. (*Id.*)  It is undisputed that on September 9, 2005, immigration officials formally denied the I-130 application, determining that Mee's marriage to Petitioner was a sham and was entered into for the purpose of evading the immigration law of the United States.  On February 24, 2006, Petitioner's removal hearing was held before an Immigration Judge ("IJ").  (IJ Decision.)  Petitioner conceded removability, but as a form of relief sought adjustment of status based on her marriage to Mee.  Petitioner and Mee both testified at the hearing before the IJ, and Petitioner was represented by counsel.  (*Id.* at 3-5.)

The IJ found Petitioner removable from the United States, denied her application for adjustment of status, and granted voluntary departure from the United States.  (*Id.* at 13-14.)  The IJ found that "the evidence does establish that there was fraud involved in the course of the attempt by the respondent to adjust her status in the United States . . . The Court believes that the evidence in this case establishes that there was not a bona fide intent at the time the parties entered into the marriage."  (*Id.* at 10-11.)

Petitioner did not voluntarily depart the United States but rather appealed the IJ's decision to the Board of Immigration Appeals ("BIA").  (Doc. No. 10, June 22, 2007 Decision of the Board of Immigration Appeals 1.)  On June 22, 2007, the BIA affirmed the IJ (*Id.*), and then denied the Petitioner's motion for reconsideration on September 13, 2007.  (Doc. No. 10, Sept. 13, 2007 Decision

of the Board of Immigration Appeals 1.)

On October 2, 2007, Petitioner filed a petition for review of the BIA decision with the Eighth Circuit Court of Appeals and filed a motion for a stay of removal pending her appeal.  (Doc. No. 10, Mot. for Stay of Removal Pending Judicial Review of Order of Removal under 8 U.S.C. § 1252.)  The Eighth Circuit denied Petitioner's motion for a stay, and a final order of removal was issued by immigration officials.  (Doc. No. 10, Warrant of Removal.)

On December 6, 2007, Petitioner filed this habeas petition and a motion for a temporary restraining order in this Court.  (Doc. No. 1.)  The habeas petition alleges that she filed for dissolution of her marriage to Mee in November 2007, and that, on or around November 8, 2007, after filing the petition for dissolution, she discovered that she was pregnant.  (*Id.* at 3.)  The habeas petition further alleges that she has not lived with Mee since June of 2007, and that the true father of her unborn child is a U.S. citizen named Jason Hoffos.  (*Id.*)  Petitioner alleges that she is a Christian and fears persecution based on her religion because "[t]he US Department of State indicates that there is a law in Laos that would serve to jail Petitioner without trial for having had relations with a foreigner outside of marriage."  (*Id.*)  The habeas petition seeks an order from this Court that Petitioner's removal from the United States be stayed pending the review of her claims for relief "under the Convention Against Torture."  (*Id.* at 4.)  The

petition also seeks an order that Petitioner be released from Immigration and Customs Enforcement ("ICE") custody to seek medical attention for her pregnancy pending the disposition of this action.  (*Id.*)  On June 23, 2008, this Court denied Petitioner's motion for a temporary restraining order to enjoin the Respondents from removing Petitioner from the United States pending this action.  (Doc. No. 13.)  The Petitioner did not seek any temporary injunctive relief relating to her medical treatment in connection with her pregnancy.  (*See* Doc. No. 3.)

## II.     THE PETITION SHOULD BE DISMISSED FOR LACK OF JURISDICTION

The District Court does not have any jurisdiction to review the order of removal.  The REAL ID Act of 2005, Publ L. No. 109-13, Div. B, 119 Stat. 231 (2005).  Section 106(a) of the REAL ID Act enables aliens to obtain review of constitutional claims and "questions of law" relating to their removal orders solely through petitions for review to the circuit courts of appeals.  *See* 8 U.S.C. § 1252.  In *Mohamed v. Gonzales*, 477 F.3d 522, 525-27 (8th Cir. 2007), the Eighth Circuit noted that the circuit courts of appeal have exclusive jurisdiction to review the constitutional and legal questions involving a final order of removal and that this is an adequate and effective collateral remedy to the previous habeas jurisdiction of the district courts.  Since the enactment of the REAL ID Act, district courts in this district and throughout the country have dismissed habeas

petitions, like the one here, that challenge an alien's removal.  *See, e.g.*, *Ginters v. Cangemi*, 419 F.Supp. 2d 1125, 1131 (D. Minn. 2006) (district court lacks jurisdiction over a direct and indirect challenge of the validity of a removal order); *Tejada v. Cabral*, 424 F.Supp. 2d 296, 298 (D. Mass. 2006) (district courts have no jurisdiction to order a stay of removal or grant a habeas petition that has the same effect as a stay).

This habeas petition seeks an order staying Petitioner's removal from the United States "pending the review of Petitioner's claims for relief under the Convention Against Torture."  (Doc. No. 1 at 4.)  This claim falls squarely within the set of claims concerning final orders of removal over which the Congress has vested exclusive jurisdiction in the circuit courts of appeal.  Indeed, Petitioner did, in fact, appeal the final order of removal to the Eighth Circuit and, before this habeas action started, unsuccessfully sought a stay of removal from the Eighth Circuit.  Petitioner appears to be arguing that she should now be entitled to reopen her immigration court proceeding so that she can raise a Convention Against Torture ("CAT") claim, a claim which she did not raise in the immigration court proceeding that led to the final order of removal.  Petitioner thus seeks to re-litigate her removal order, but any such action, including the attempt to stay removal while the CAT claim is adjudicated, in a habeas action in district court violates the explicit jurisdictional bar in the REAL ID Act.  Whatever jurisdiction is

left over the removal order in this case lies with the Eighth Circuit, which has already refused to grant Petitioner's motion for a stay of her removal while it reviewed the BIA decision ordering her removal.

On December 6, 2007, Petitioner also sought an order from this Court that she be released from ICE custody "to seek medical attention for her pregnancy pending the disposition of this Court action." (Doc. No. 1 at 4.) Petitioner thus challenges an operational decision to continue to detain her during the pendency of the removal proceedings including the appeal from the BIA Decision to the Eighth Circuit. Title 8, section 1226(e), of the United States Code precludes review of the "action or decision by the Attorney General . . . regarding the detention . . . of any alien . . . .." This precludes judicial review of the operational decision regarding Petitioner's detention. Moreover, it appears that this claim of the habeas petition for release from administrative detention "to seek medical attention for her pregnancy" is now moot because the action was filed in December 2007. It should also be noted that Petitioner, through her counsel, had the opportunity to seek injunctive relief in this matter, and did so, but her motion for a temporary restraining order was denied by this Court. She did not seek any temporary relief relating to her medical treatment. (Doc. No. 3.)

Based on all the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

The Petition for Writ of Habeas Corpus be **DENIED WITH PREJUDICE**.

Dated:  October 15, 2008

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by October 30, 2008, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.